UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Stanley Franzer Cabinett,

    Defendant.

Criminal No. 09-257 (JNE/FLN)

**REPORT AND RECOMMENDATION**

_____

Nathan P. Petterson, Assistant United States Attorney, for the Government.
Caroline Durham, Assistant Federal Defender, for Defendant.

_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on October 14, 2009, on Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [#18] and Defendant's Motion to Suppress Statements, Admissions and Answers [#19]. The Government submitted an exhibit into evidence during the course of the hearing: Government's Exhibit 1 is a copy of the Application for Search Warrant, Supporting Affidavit and Search Warrant for property in Eagan, MN.

The matter was referred to the undersigned for Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons which follow, this Court recommends Defendant's motions be **DENIED**.

## I. FINDINGS OF FACT

On September 10, 2009, Stanley Franzer Cabinett ("Defendant") was indicted and charged as a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Indictment, Doc. No. 1.) Defendant's Motion to Suppress Evidence Obtained as a Result of Search

and Seizure [#18] challenges a state search warrant for Defendant's Minnesota residence. Defendant contends that evidence seized pursuant to the search warrant should be suppressed because the warrant was issued without a sufficient showing of probable cause in the supporting affidavit and was, therefore, executed in an illegal and unlawful manner. (Doc. No. 18.)

Farmington Police Department Investigator Andrew Bellows, assigned to the Dakota County Drug Task Force, requested the warrant. (Gov't Ex. 1.) The search warrant application, drafted by affiant Bellows, recites the following events in support of the issuance of a search warrant for Defendant's apartment.

In November 2007, a Confidential Reliable Informant ("CRI") informed Officer Bellows that an individual known as "Stanley Cabinett," who lives in the City of Eagan, was dealing cocaine. (Gov't Ex. 1 at Application 1-2.) Officer Bellows checked the name "Stanley Cabinett" with the "Minnesota Department of Motor Vehicle and Services Division [sic]" and discovered only one individual listed by the name of "Stanley Franzer Cabinett." *Id.* The listed address for Stanley Franzer Cabinett was an apartment unit in a building on Coachman Road in Eagan, MN. *Id.*

Officer Bellows then organized a controlled buy, during which the CRI purchased cocaine from Defendant. *Id.* Before the buy, the CRI was searched and provided with "a quantity of Government Buy Fund money." *Id.* While under surveillance by agents of the Dakota County Drug Task Force, the CRI conducted the buy, then left the meet location and turned over the cocaine[1] to Officer Bellows. *Id.* Meanwhile, Drug Task Force agents followed Defendant as he drove back to his residence and observed him enter the apartment building at his listed address on Coachman Road in Eagan, MN. *Id.*

---

[1] The suspected drugs purchased by the CRI later "tested positive for the presence of cocaine." (Gov't Ex. 1 at Application 1-2.)

Within 72 hours prior to the date of the warrant, Narcotics Agent Andy Gubash of the Dakota County Drug task Force and his canine partner, "Buster," investigated the odor of narcotics at the apartment building on Coachman Road in Eagan, MN. *Id.* Agent Gubash and Buster are a certified narcotics detector team and are so recognized by the United States Police Canine Association. *Id.* Buster is "trained to alert to the odor of narcotics," including cocaine. *Id.* Agent Gubash allowed Buster to check "the outside air space of several doors on the second level," and reported that Buster "alerted to the presence of a narcotic odor outside the threshold" of Defendant's listed apartment unit. *Id.*

Based upon the foregoing, the search warrant for Defendant's apartment unit in the building on Coachman Road in Eagan, MN was issued on November 26, 2007. (Gov't Ex. 1.) A District Court Judge for the State of Minnesota in Dakota County signed the warrant, which authorized a search for property and items including (among other things): "Cocaine and other controlled substances and narcotic drugs" as well as "[f]irearms and other dangerous weapons." (Gov't Ex. 1 at Warrant 1-1.)

## II. CONCLUSIONS OF LAW

### A. Defendant's Motion to Suppress Evidence Obtained As a Result of Search and Seizure [#18] Should Be Denied.

The first issue at hand is whether the search warrant application in this case could support the issuing judge's probable cause determination. Defendant contends that evidence seized pursuant to the search warrant should be suppressed because the warrant was issued without a sufficient showing of probable cause in the supporting affidavit. (Doc. No. 18.)

Under well-established Fourth Amendment jurisprudence, a valid search warrant must be supported by an affidavit providing the magistrate with a substantial basis for determining the

existence of probable cause to believe a search would uncover evidence of wrongdoing. *Illinois v. Gates*, 462 U.S. 213, 236-39 (1983). Probable cause is defined as a "fair probability that contraband or evidence of a crime will be found in a particular place." *See id.* at 238. A supporting affidavit that consists of bare conclusions or conclusory allegations cannot support a finding of probable cause. *Id.* Veracity, reliability, and basis of knowledge are "highly relevant" in determining whether a supporting affidavit establishes probable cause. *Alabama v. White*, 496 U.S. 325, 328 (1990).

Whether probable cause exists depends on the totality of the circumstances. *See Gates*, 462 U.S. at 238; *United States v. Gabrio*, 295 F.3d 880, 882-83 (8th Cir. 2002). In evaluating the existence of probable cause, courts do not consider each piece of information independently, but instead consider the cumulative meaning of all facts taken together. *See United States v. Allen*, 297 F.3d 790, 794 (8th Cir. 2002).

Given the totality of the circumstances in this case, probable cause existed to support the issuance of a search warrant. First, Officer Bellows received information from a CRI about Defendant's cocaine dealing operation in Eagan, MN. He then confirmed Defendant's identity and address with the Minnesota Department of Public Safety Driver and Vehicle Services. Not only did Drug Task Force agents observe Defendant enter his apartment building on Coachman Road, but a narcotics detector canine also alerted to the odor of narcotics "outside the threshold" of the specific apartment unit that Defendant listed as his residence on his driving records. Moreover, Officer Bellows orchestrated a controlled buy, during which the CRI purchased a quantity of cocaine directly from Defendant. These facts, taken together, establish more than a "fair probability that

4

contraband or evidence" related to a cocaine dealing operation would be found at Defendant's apartment.

In sum, this Court concludes that Officer Bellows' application and affidavit are sufficient to support a finding of probable cause.

**B. Defendant's Motion to Suppress Statements, Admissions and Answers [#19] Should Be Denied As Moot.**

The Government has indicated that it does not intend to offer any statements made by Defendant at trial. Thus, Defendant's Motion to Suppress Statements, Admissions and Answers [#19] should be denied as moot.

### III. RECOMMENDATION

Based upon all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that Defendant's Motions to Suppress be **DENIED** as follows:

1. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure [#18] should be **DENIED**; and

2. Defendant's Motion to Suppress Statements, Admissions and Answers [#19] should be **DENIED as moot.**

DATED: November 6, 2009               *s/ Franklin L. Noel*
                                      FRANKLIN L. NOEL
                                      United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **November 23, 2009**, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **November 23, 2009,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.